# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UT Brands LLC ) | |
| ) | Case No. 1:23-cv- 2220 |
| v. ) | |
| ) | Judge: Hon. |
| Jialian Cai ) | |
|    d/b/a  Larkidog ) | Magistrate: Hon. |
| ) | |
| ) | REQUEST FOR JURY TRIAL |

## COMPLAINT

Plaintiff UT Brands LLC d/b/a Funwares ("Funwares"), hereby files this Complaint for, *inter alia*, copyright infringement and related claims against Defendants, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

## The Parties

1. Plaintiff UT Brands is a California Limited Liability company, maintaining a principal place of business in San Diego, CA and, does substantial business in Illinois, via Amazon, their principal retail and distribution partner.

2. Defendant, Jialian Cai is an individual believed to be a resident of Jieyang, Guangdong, China and the owner and operator of the Larkidog Amazon store.

3. Defendant, has sold and continues to sell, a product (Amazon ASIN: B0BMPP6MHR) which violates Plaintiff's intellectual property rights ("Infringing Product") to consumers within the United States, including the State of Illinois and Northern District of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

## Jurisdiction and Venue

4. This is an action for copyright infringement and unfair competition and false designation of origin arising under the Copyright Act of 1976, 17 U.S.C. § 501, *et seq.*, as amended by the Digital Millennium Copyright Act, (October 1998), 17 U.S.C. §§ 512, *et seq.*, and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 (b); and 17 U.S.C. § 501, *et seq*. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

6. This Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in the Northern District of Illinois and furthermore, because the Defendant has filed a DMCA Counter-Notice, and consented to jurisdiction and service under 17 U.S.C. § 512(g)(3)(D).

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois.

## Background Facts

8. Plaintiff is engaged in the business of manufacturing, distributing, and retailing high-quality novelty items, such as the 101 Pooping Puppies, a whimsical novelty puzzle that features 101 dogs in various stages of relieving themselves.

9. Plaintiff is the owner of all rights, title, and interest in and to, *inter alia*, the copyrights in the product, under Registration VA 2-326-217 (the "Copyright"). The aforementioned registration is valid, subsisting, unrevoked, and uncancelled. Plaintiff also owns common law rights in this and other copyrights for use in connection with Funwares products. A genuine and authentic copy of the U.S. federal copyright registration certificate for the above-listed Copyrights is attached hereto as Exhibit 1.

10. As of the date of this filing, Plaintiff's products are sold online and in retail establishments throughout the world.

11. The Copyrights have never been assigned or licensed to the Defendant in this matter.

12. Upon information and belief, at all times relevant hereto, the Defendant in this action has had full knowledge of Plaintiff's Copyright.

13. Defendants have manufactured, imported, distributed, offered for sale, and sold an Infringing Product which violates the Plaintiff's Copyright and continues to do so.

14. Defendants have plagiarized copyrightable elements of the Plaintiff's work, and therefore constitute either a copy or derivative work.

15. Defendant's use of the Plaintiff's work willfully and intentionally sought to appropriate the Plaintiff's work for their own profit.

16. As of the date of filing of this Complaint, the Defendant continues to sell the Infringing Product.

17. Plaintiff has suffered direct losses because of the Defendant's actions, and Defendants have profited from the Infringing Product.

18. Defendants will continue to infringe the Plaintiff's Copyright and sell the Infringing Product unless temporarily, preliminarily, and permanently enjoined by Order of this Court.

17. As a result of the Defendant's actions, the Plaintiff has no adequate remedy at law in that damages are difficult to ascertain and, unless injunctive relief is granted, Defendant will continue infringing of the Plaintiff's copyrights.

## COUNT ONE
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

18. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

19. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) in obtaining the Copyrights.

20. At all times relevant hereto, Plaintiff has been producer and sole owner and/or licensee of the original images that are the subject of this action and protected by the Copyrights. Among the rights granted to Plaintiff is the exclusive right to market and sublicense the right to copy, reproduce and display the image. Additionally, Plaintiff is granted the exclusive right to make and control claims related to infringements of copyrights in the image.

21. Defendants have intentionally reproduced, displayed, distributed and made other infringing uses of the protected image, without authorization by Plaintiff.

22. As a result of its conduct, Defendants are liable to Plaintiff for copyright infringement.

23. Defendants knew their acts constituted copyright infringement and Defendant's conduct was willful within the meaning of the Copyright Act.

24. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

25. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

26. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

## COUNT TWO
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES (815 ILCS 510)

27. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

28. The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's Products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

29. By misappropriating and using the copyrighted works, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise.

30. Defendants' unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized, or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

31. Defendants' aforesaid acts violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq.*, in that Defendants' use of the Plaintiff's works, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

32. Plaintiffs have no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(i) displaying images protected by the Plaintiff's Copyright in connection with the distribution, advertising, offer for sale, and/or sale of any product that is not a genuine Plaintiff product or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Copyright; and

(ii) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and protected by the Plaintiff's Copyright or any reproductions, counterfeit copies, or colorable imitations thereof;

2. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court;

3. That Plaintiff be awarded statutory damages of One Hundred-Fifty Thousand Dollars (U.S.) and No Cents ($150,000.00) for each and every use of the Plaintiff's copyrighted materials, pursuant to 17 U.S.C. § 504;

4. That Plaintiff be awarded its reasonable attorneys' fees and costs, pursuant to 17 U.S.C. § 505; and,

5. Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully submitted,

By:    s/David Gulbransen/
David Gulbransen
Attorney of Record

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com